Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NOAH SAEEDY, VISHAL SHAH, TINA WILKINSON, and M.S., individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | Case No. 2:23-cv-01104-BJR<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Federal Rules of Civil Procedure ("FRCP") 16 and 26(f), Local Civil Rule 16 and 26(f), and this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 29) and the Order Granting the Stipulation and Order Extending Time to Respond to the Complaint and Extending Initial Discovery Deadlines (Dkt. 34), Plaintiffs Noah Saeedy, Vishal Shah, Tina Wilkinson, and M.S. (collectively, "Plaintiffs") and Defendant Microsoft Corporation ("Defendant") (collectively, with Plaintiffs, the "Parties") have met and conferred and hereby submit this Combined Joint Status Report and Discovery Plan in the above-captioned putative class action (the "Action"). This Joint Case Management Statement follows the parties' Rule 26(f) conference held on November 13, 2023.

JOINT STATUS REPORT- 1
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**1)      STATEMENT OF THE CASE**

**<u>Plaintiffs' Position</u>**

This is a proposed class action brought on behalf of Plaintiffs and similarly situated users of the Microsoft Edge internet browser who had their personal internet browsing data, including their online shopping data, intercepted and collected by Defendant as they browsed the internet using the Edge browser.

Plaintiffs allege that Defendant programmed Versions 90, 92, 93, and earlier and later versions of its widely popular Edge internet browser to surreptitiously intercept, collect, and send to Defendant, without users' knowledge or consent, a wide range of private data relating to users' internet browsing activities, internet searches, and online shopping behavior, including while users browse the internet in "private" browsing mode.  As this private data is intercepted and collected, it is associated with unique user identifiers that Defendant assigns to users, and/or cookies—small text files containing unique data by which to identify a user's device—that Defendant installs on users' devices.  Upon intercepting and receiving the private user data, unique user identifiers, and cookies from Edge, Defendant then links or binds the private user data to individual users though the unique user identifiers and cookies.  Edge then sends the intercepted and collected private user data and the unique user identifiers and cookies to several Microsoft-controlled servers.  Defendant uses the intercepted and collected data for its personal gain and benefit, including, but not limited to, improving its software, services, and devices, and providing targeted advertising.

Plaintiffs filed their Complaint on July 21, 2023.  *See* Dkt. 1.  The Complaint contains thirteen causes of action for: (1) violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq.*; (2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030, *et seq.*; (3) intrusion upon seclusion under California law; (4) violation of the right to privacy under the California Constitution; (5) violation of the California Invasion of Privacy Act, California Penal Code §§ 630, *et seq.*; (7) conversion under California law; (8) violation of the California Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; (9)

JOINT STATUS REPORT- 2
Cause No. 2:23-cv-01104-BJR

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

intrusion upon seclusion under Washington law; (10) conversion under Washington law; (11) violation of the Washington Privacy Act, Wash. Rev. Code ch. 9.73; (12) violation of the Washington Consumer Protection Act, Wash. Rev. Code ch. 19.86; and (13) restitution/unjust enrichment.  Complaint at ¶¶ 201-357.

Defendant says that it does not have sufficient information to determine whether any Plaintiff agreed to individual arbitration, but that is what it said two months ago, when filing its September 29, 2023 motion to dismiss (Dkt. 36 at 6, fn. 3), and that was about a month after Plaintiffs provided to Defendant email addresses and user IDs for the three adult named plaintiffs.

**Defendant's Position**

Plaintiffs assert that Defendant invaded their privacy when they used Edge to browse the Internet because Defendant collected data from their browsing sessions.  As explained in Defendant's pending motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Plaintiffs assert various privacy-related federal, California, and Washington statutory and common law claims, even though, under Plaintiffs' own theory, Defendant could *not* identify any Plaintiff personally based on the purportedly collected information or connect that information to any Plaintiff.  Plaintiffs admit Edge collects *browsing* information, not *personally identifiable* information.  Moreover, Plaintiffs do *not* allege that Defendant acted inconsistently with any of its disclosures or representations about Edge.  Indeed, Defendant's publicly-available Privacy Statement disclosed the challenged practices and also how Plaintiffs could take steps to opt out of targeted advertising and clear cookies used by websites to, e.g., remember individualized preferences and settings.  And the Edge Settings, available in the Edge browser, gave Plaintiffs further control over their privacy options.  Plaintiffs seek to bring these claims on behalf of various classes and subclasses of United States, California, and Washington residents who used Edge between July 29, 2015, to the present.

In submitting this Joint Status Report, Microsoft is not waiving its right to compel arbitration for any Plaintiff with an arbitration agreement. Microsoft requested Plaintiffs provide information

JOINT STATUS REPORT- 3
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

intrusion upon seclusion under Washington law; (10) conversion under Washington law; (11) violation of the Washington Privacy Act, Wash. Rev. Code ch. 9.73; (12) violation of the Washington Consumer Protection Act, Wash. Rev. Code ch. 19.86; and (13) restitution/unjust enrichment.  Complaint at ¶¶ 201-357.

Defendant says that it does not have sufficient information to determine whether any Plaintiff agreed to individual arbitration, but that is what it said two months ago, when filing its September 29, 2023 motion to dismiss (Dkt. 36 at 6, fn. 3), and that was about a month after Plaintiffs provided to Defendant email addresses and user IDs for the three adult named plaintiffs.

**Defendant's Position**

Plaintiffs assert that Defendant invaded their privacy when they used Edge to browse the Internet because Defendant collected data from their browsing sessions.  As explained in Defendant's pending motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Plaintiffs assert various privacy-related federal, California, and Washington statutory and common law claims, even though, under Plaintiffs' own theory, Defendant could *not* identify any Plaintiff personally based on the purportedly collected information or connect that information to any Plaintiff.  Plaintiffs admit Edge collects *browsing* information, not *personally identifiable* information.  Moreover, Plaintiffs do *not* allege that Defendant acted inconsistently with any of its disclosures or representations about Edge.  Indeed, Defendant's publicly-available Privacy Statement disclosed the challenged practices and also how Plaintiffs could take steps to opt out of targeted advertising and clear cookies used by websites to, e.g., remember individualized preferences and settings.  And the Edge Settings, available in the Edge browser, gave Plaintiffs further control over their privacy options.  Plaintiffs seek to bring these claims on behalf of various classes and subclasses of United States, California, and Washington residents who used Edge between July 29, 2015, to the present.

In submitting this Joint Status Report, Microsoft is not waiving its right to compel arbitration for any Plaintiff with an arbitration agreement. Microsoft requested Plaintiffs provide information

JOINT STATUS REPORT- 3
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

necessary to determine whether Plaintiffs agreed to arbitrate this dispute with Microsoft, including, as a starting point, the four individuals' Microsoft Account username, device IDs for the devices on which they allegedly accessed Edge, and domain information for Plaintiffs alleging they used a work-provisioned computer to access Edge. In response, Plaintiffs provided email and user IDs for three of the four Plaintiffs and the domain information for two Plaintiffs. This information is not sufficient for Microsoft to determine whether any Plaintiff agreed to individual arbitration. Microsoft reserves the right to move to compel arbitration if discovery shows any Plaintiff agreed to arbitrate.

**2) PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES**

**Plaintiffs' Position**

Plaintiffs propose a deadline to join additional parties of September 27, 2024.

**Defendant's Position**

Defendant proposes a deadline to join additional parties of January 12, 2024.

**3) MAGISTRATE JUDGE**

The Parties respectfully decline assignment of this matter to a magistrate judge.

**4) DISCOVERY PLAN**

**a) Initial Disclosures**

Pursuant to FRCP 26(a)(1) and the Court's Order dated September 27, 2023 (Dkt. 34), the parties exchanged initial disclosures on November 21, 2023. The parties have also engaged in a meet and confer process related to Defendant's submitted Rule 26(a) disclosures.

**b) Subject, Timing, and Potential Phasing of Discovery**

**Plaintiffs' Position**

Plaintiffs anticipate extensive fact and expert discovery given the complex and technical subject matter of the Action, which is likely to include highly technical documents and source code related to topics including, but not limited to: how Defendant intercepts, collects, uses, and stores users' internet browsing data, including their online shopping browsing data, using the

JOINT STATUS REPORT- 4
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Microsoft Edge internet browser; how Defendant links the internet browsing and online shopping data it intercepts and collects through Edge to individual users; the websites from which Defendant intercepts and collects users' internet browsing and online shopping data; and the uses to which Defendant puts the data it intercepts and collects from Edge users, and the manner in which Defendant benefits from that use.

Plaintiffs' anticipate seeking discovery from Defendant through requests for production of documents, requests for admission, interrogatories, and depositions on topics including, but not limited to: how Defendant intercepts, collects, uses, and stores users' internet browsing data, including their online shopping browsing data, using the Microsoft Edge internet browser; how Defendant links the internet browsing and online shopping data it intercepts and collects through Edge to individual users; Defendant's current and historical source code for the Edge browser and for the servers that receive, store, process, and use that data, including any portions relating to how Edge intercepts and collects users' internet browsing and online shopping data and how Defendant's back-end servers receive, store, process, and use that data; Defendant's monetization of users' internet browsing and online shopping data, including through aggregation and analysis of the consumer browsing and other internet activity data, and through the sale of targeted advertising services using that data; the websites from which Defendant intercepts and collects users' internet browsing and online shopping data; and topics related to Defendant's current and historical data privacy policies applicable to the Edge browser, including Defendant's revisions to those policies over time, and evaluations of their efficacy and fit with the actual interception, collection, storage, and use of Edge user data.

Plaintiffs also anticipate seeking document and deposition discovery from non-parties, including, but not limited to, Amazon, eBay, Walmart, Google, Yahoo, and Best Buy, through subpoenas on topics including, but not limited to, Defendant's interception and collection of Edge users' internet browsing and online shopping data from those non-parties' websites.

JOINT STATUS REPORT- 5
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  Plaintiffs anticipate that the scope of relevant topics on which they are likely to seek
2  discovery from Defendant and third parties will grow as the parties participate in the discovery
3  process.

4  Given the likely extensive and technical nature of fact and expert discovery in the Action,
5  Plaintiffs propose the following discovery-related deadlines, which are further reflected in Exhibit
6  A to this Report:

7  April 11, 2025 – Fact discovery cutoff.

8  April 25, 2025 – Opening expert reports due.

9  May 23, 2025 – Rebuttal expert reports due.

10  June 20, 2025 – Expert discovery cutoff.

11  Plaintiffs neither propose nor anticipate the need for phasing of discovery.

12  **Defendant's Position**

13  Defendant requests that the Court hold discovery in abeyance pending disposition of
14  Defendant's motion to dismiss, which may dispose of the entire case or substantially narrow the
15  topics for discovery.  Further, Defendant believes the principles of proportionality set forth in Rule
16  26(b)(1) require that discovery initially focus on Plaintiffs' individual claims and on matters
17  relevant to determining Plaintiffs' anticipated motion for class certification.  In the event the Court
18  is inclined to set a discovery schedule prior to a decision on the motion to dismiss, Defendant
19  proposes the dates reflected in Exhibit A to this Report, which are the same as the dates proposed
20  by Plaintiffs.

21  Defendant reserves its right to pursue discovery regarding all aspects of Plaintiffs' claims
22  and Defendant's defenses.  Defendant anticipates seeking the following non-exhaustive categories
23  of discovery: (a) the circumstances surrounding Plaintiffs' use of Edge, including the devices they
24  used to access Edge; (b) the applicable agreements and terms governing Plaintiffs' use of Edge;
25  (c) the nature and value of the benefit Plaintiffs allege Defendant unjustly retained; (d) Plaintiffs'
26  alleged injuries and damages; and (e) the allegations in the complaint.

JOINT STATUS REPORT- 6
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

c)      **Electronically Stored Information**

The parties are currently negotiating an ESI agreement based on the Western District of Washington's Model Agreement Regarding ESI (the "Model ESI Agreement") that will govern the terms of the parties' production of electronically stored information. The Parties will confer in good faith to the extent any issues regarding the format for electronic discovery arise and will bring issues to the attention of the Court only as necessary.

d)      **Privilege Issues**

The Parties do not anticipate any unusual or unique privilege issues. The Parties will abide by Federal Rule of Civil Procedure 26(b)(5) with respect to: (a) the withholding and disclosure of materials withheld on the basis of a privilege or the work product doctrine; and (b) information produced during discovery that is subject to a claim of a privilege or work product protection. The Parties intend to include in their Stipulated ESI Discovery Agreement procedures for asserting privilege or work product claims for withheld discovery. The Parties agree to abide by Fed. R. Evid. 502(b) with respect to any inadvertently produced privileged or otherwise protected information. The Parties also agree neither party is required to log (a) communications with its outside and/or in-house counsel that occurred after the filing of the Complaint; (b) redactions, so long as the basis for the redaction is clear in the redacted document; or (c) other attorney-client privileged or work-product information generated after the filing of the Complaint.

e)      **Proposed Limitations on Discovery**

**Plaintiffs' Position**

Plaintiffs do not propose any limitations on discovery. Because of the highly technical nature of the case, it is Plaintiffs' position that the Court expand the number of interrogatories that each side may serve on the other without leave of Court to 35 and the number of depositions that each party may conduct to 15.

**Defendant's Position**

Defendant presently does not seek to limit or expand discovery beyond what is set forth in

JOINT STATUS REPORT- 7
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

the Federal Rules of Civil Procedure. Defendant opposes Plaintiffs' premature and unsupported request for more interrogatory and depositions before the pleadings are set.

      **f)     Discovery Related Orders**

The parties are currently negotiating a protective order based on the Western District of Washington's Model Stipulated Protective Order (the "Model Protective Order") that will govern the terms of the parties' production of confidential, proprietary, or private information.

**5)     ITEMS REQUIRED BY CIVIL LOCAL RULE 26(f)(1)**

      **a)     Prompt Case Resolution**

The Parties have discussed the possibility of prompt case resolution but do not believe that settlement discussions would be fruitful at this time.

      **b)     Alternative Dispute Resolution**

The Parties are open to utilizing alternative dispute resolution at the appropriate time. The Parties anticipate that private mediation will be the most useful form of alternative dispute resolution.

      **c)     Related Cases**

The parties currently are not aware of any related cases pending before this Court or in any other jurisdiction.

      **d)     Discovery Management**

The Parties propose the following positions related to discovery management in order to strike a balance between thorough discovery and the expeditious and inexpensive resolution of the Action, as required by Local Civil Rule 26(f)(1)(D):

      1.     The Parties intend to explore the possibility of entering into stipulations that may help expedite discovery.

      2.     At this time, the Parties do not believe it necessary to schedule any discovery or case management conferences with the Court.

      3.     The Parties agree to share discovery obtained from third parties through

JOINT STATUS REPORT- 8
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

subpoenas. The Parties do not agree to share the cost of obtaining discovery from third parties.

    4. The Parties agree to present discovery disputes to the court using the expedited procedure set forth in LCR 37.

    5. The Parties do not seek the assistance of a magistrate judge for settlement conferences.

    6. The Parties further agree that (a) for purposes of service and computation of response deadlines under the Local Rules, filing by ECF will constitute service by hand on the date ECF automated notification is sent; and (b) electronic service of all other documents, including discovery requests and responses, shall also constitute sufficient service.

  **e)** **Targeted Discovery**

*See* above, Section 4.b.

  **f)** **Phasing Motions**

The Parties propose that Plaintiffs file their motion for class certification after a period of fact and expert discovery, and that the deadline for dispositive motions and trial be set after the class certification motion is resolved.

  **g)** **Preservation of Discoverable Information**

The Parties have informed their clients of their discovery obligations and directed their clients to taken reasonable and proportional steps to preserve potentially relevant information in their custody, possession, and control.

  **h)** **Privilege Issues**

See Section 4.D. above.

  **i)** **Model Protocol for Discovery of ESI**

The parties are currently negotiating an ESI agreement based on the Western District of Washington's Model ESI Agreement that will govern the terms of the parties' production of electronically stored information. The parties anticipate proposing slight modifications to the Court's Model ESI Agreement and Model Protective Order.

JOINT STATUS REPORT- 9
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

j)  **Alternatives to Model Protocol**

An alternative is unnecessary because the Parties anticipate adapting a modified version of the Model ESI Protocol.

k)  **Class Certification Briefing Schedule**

**Plaintiffs' Position**

Plaintiffs believe that, in light of the complex and technical subject matter of the Action and the various proposed classes and subclasses defined in the Complaint, fact and expert discovery must be completed before Plaintiffs can effectively bring and brief a motion for class certification. Accordingly, Plaintiffs propose the following class-certification deadlines, which are further reflected in Exhibit A to this Report:

January 31, 2025 – Plaintiffs' Motion for Class Certification.

February 28, 2025 – Defendant's Opposition to Motion for Class Certification.

March 21, 2025 – Plaintiffs' Reply in Support of Motion for Class Certification.

**Defendant's Position**

Defendant proposes that Plaintiffs file their motion for class certification 300 days from the date of disposition of Defendant's motion to dismiss. Defendant proposes that the parties submit expert reports relevant to class certification prior to the motion for class certification deadline (or provide additional time between the motion and opposition briefs to allow for the completion of expert discovery relevant to Plaintiffs' motion for class certification). To the extent the Court prefers to set dates certain, Defendant proposes the deadlines reflected in Exhibit A to this Report, which are the same as the deadlines proposed by Plaintiffs but with the addition of expert deadlines prior to the filing of the motion for class certification.

6)  **DISCOVERY CUTOFF**

**Plaintiffs' Position**

Given the complex and technical subject matter of the Action, Plaintiffs anticipate extensive fact discovery and expert discovery. Accordingly, Plaintiffs propose the following

JOINT STATUS REPORT- 10
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

discovery-related deadlines, which are further reflected in Exhibit A to this Report:

        April 11, 2025 – Fact discovery cutoff.

        April 25, 2025 – Opening expert reports due.

        May 23, 2025 – Rebuttal expert reports due.

        June 20, 2025 – Expert discovery cutoff.

**Defendant's Position**

Defendant proposes all fact discovery be completed within 90 days of the Court's disposition of Plaintiffs' motion for class certification. Defendant proposes expert discovery will be completed within 90 days of the completion of fact discovery. In the event, the Court is inclined to set a definite discovery schedule prior to a decision on the motion to dismiss and motion for class certification, Defendant proposes the dates reflected in Exhibit A to this Report, which are the same as the deadlines proposed by Plaintiffs.

**7)  BIFURCATION**

The Parties do not believe the case should be bifurcated at this time.

**8)  NECESSITY OF PRETRIAL STATEMENTS AND PRETRIAL ORDERS CALLED FOR BY LOCAL CIVIL RULES 16(e), (h), (i), AND (k), AND 16.1**

**Plaintiffs' Position**

Plaintiffs propose the use of pretrial statements and a pretrial order under LCR 16(e).

**Defendant's Position**

Defendant believes the class certification determination may affect the decision whether to agree to the use of pretrial statements and a pretrial order under LCR 16(e), (h), (i), and (l), and under LCR 16.1. Defendant requests the Court set a status conference after determination of class certification to determine trial-related issues, including the need for the pretrial statements and pretrial order.

JOINT STATUS REPORT- 11
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**9)     SUGGESTIONS FOR SHORTENING/SIMPLIFYING THE CASE**

At this time, the Parties do not have any other suggestions for shortening or simplifying the case.

**10)    DATE FOR TRIAL**

<u>**Plaintiffs' Position**</u>

Plaintiffs propose a trial date of March 2, 2026.

<u>**Defendant's Position**</u>

Defendant requests the Court defer setting a trial date until after a decision on class certification.  Given the pending motion to dismiss and the certainty of a contested motion for class certification, Defendant believes it would be impractical to set a trial date at this time.  Defendant further proposes the Court direct that Plaintiffs file their motion for class certification within 240 days of the final disposition of Defendant's motion to dismiss, to afford sufficient time for discovery related to class certification issues.  Finally, Defendant proposes that discovery be held in abeyance until resolution of its motion to dismiss.

If the Court is disposed to set a trial date at this time, Defendant believes the Court should set the date in February 2026 to accommodate the possibility that Plaintiffs prevail on their motion for class certification, which would substantially increase the complexity of the trial.  In Defendant's view, an earlier date is unrealistic given the possibility of class treatment, given the time required for (a) the Court's consideration of and decision on the pending motion to dismiss; (b) discovery before Plaintiffs' class certification motion; (c) briefing and disposition of a class certification motion; (d) class notice and an opt-out period, in the event the Court grants class certification; (e) post-certification merits and expert discovery; and (f) pretrial dispositive motion practice.

Defendant acknowledges the Court may accelerate this process if the Court denies class certification, which Defendant believes makes it advisable to set the trial date after disposition of the class certification motion.

JOINT STATUS REPORT- 12
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**11)     JURY OR NON-JURY TRIAL**

Plaintiffs demanded a jury trial in their Complaint.  *See* Dkt. 1 at 91.

**12)     LENGTH OF TRIAL**

The Parties believe that a trial time and number of witnesses cannot be determined at this time, because the parties have not yet commenced discovery, and until the Court's ruling on whether this case can proceed as a class action and, if so, the scope of any certified class.

At this time, Plaintiffs estimate the trial to last at least 3 weeks and possibly longer depending on discovery.

At this time, Defendant estimates that the trial on Plaintiffs' individual claims will last approximately seven trial days.  In the event a class is certified and this case proceeds to trial as a class action, the Parties anticipate the trial will be substantially longer.

**13)     TRIAL COUNSEL CONTACT INFORMATION**

*Plaintiffs' counsel:*

| | |
|---|---|
| Alexander A. Baehr, WSBA 25320<br>Summit Law Group, LLC<br>315 Fifth Ave. S., Suite 1000<br>Seattle, WA 9804<br>Telephone: (206)676-7000<br>alexb@summitlaw.com | Ekwan Rhow, *pro hac vice*<br>Marc E. Masters, *pro hac vice*<br>Barr Benyamin, *pro hac vice*<br>Bird, Marella, Boxer, Wolpert, Nessim,<br>Drooks, Lincenberg & Rhow, PC<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067<br>Telephone: (310) 201-2100<br>erhow@birdmarella.com<br>mmasters@birdmarella.com<br>bbenyamin@birdmarella.com |
| Jonathan Rotter, *pro hac vice*<br>Raymond D. Sulentic, *pro hac vice*<br>Glancy Prongay & Murray LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone: (310) 201-9150<br>jrotter@glancylaw.com<br>rsulentic@glancylaw.com | Glenn A. Danas, *pro hac vice*<br>Yana Hart, *pro hac vice*<br>Katelyn M. Leeviraphan, *pro hac vice*<br>Clarkson Law Firm, PC<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Tel: (213) 788-4050<br>gdanas@clarksonlawfirm.com<br>yhart@clarksonlawfirm.com<br>kleeviraphan@clarksonlawfirm.com |

JOINT STATUS REPORT- 13
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

*Defendant's counsel:*

Stephen M. Rummage, WSBA No. 11168
Fred B. Burnside, WSBA No. 32491
Jaime Drozd, WSBA No. 35742
Xiang Li, WSBA No. 52306
Caleah N. Whitten, WSBA No. 60209
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150
steverummage@dwt.com
fredburnside@dwt.com
jaimedrozd@dwt.com
xiangli@dwt.com
caleahwhitten@dwt.com

James Moon, *pro hac vice*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-6800
213.633.6899
jamesmoon@dwt.com

**14) DATES ON WHICH TRIAL COUNSEL MAY HAVE COMPLICATIONS**

**Plaintiffs' Position**

Plaintiffs' trial counsel anticipates having scheduling complications during Jewish high holidays. Religious observance of those holidays prevents several of Plaintiffs' trial counsel from conducting any work on those days.

**Defendant's Position**

Defendant requests the Court defer setting a trial date until after a decision on class certification.

**15) SERVICE ON DEFENDANT**

The sole defendant has been served with the Complaint as of the date of this report.

**16) REQUEST FOR SCHEDULING CONFERENCE**

The Parties do not request a scheduling conference prior to the Court's entry of a scheduling order in this case.

**17) DATE CORPORATE DISCLOSURE FORM FILED**

Pursuant to FRCP 7.1 and Local Civil Rule 7.1, Defendant filed its corporate disclosure statement on August 18, 2023 (Dkt. 31).

JOINT STATUS REPORT- 14
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# EXHIBIT A

## Proposed Case Schedule

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Substantial Completion of Document Production | 9/6/2024 | n/a |
| Joinder of Additional Parties | 9/27/2024 | 1/12/2024 |
| Deadline to Amend Pleadings and/or Add Parties | 12/20/2024 | 1/12/2024 |
| Fact Discovery Cutoff | 4/11/2025 | TBD after order on motion to dismiss or 4/11/2025 |
| Deadline for Plaintiffs to Serve Any Expert Report(s) Relevant for Class Certification | 11/1/2024 | TBD after order on motion to dismiss or 11/1/2024 |
| Deadline for Microsoft to Serve Any Expert Report(s) Relevant for Class Certification | 11/1/2024 | TBD after order on motion to dismiss or 12/6/2024 |
| Deadline for Any Rebuttal Expert Report(s) Relevant for Class Certification | 1/10/2025 | TBD after order on motion to dismiss or 1/3/2025 |
| Deadline to Complete Class Certification Fact and Expert Discovery | No separate deadline is necessary or appropriate | TBD after order on motion to dismiss or 1/31/2025 |
| Deadline for Plaintiffs to File Motion for Class Certification | 1/31/2025 | TBD after order on motion to dismiss or 1/31/2025 |
| Deadline for Microsoft to File Opposition to Motion for Class Certification | 2/28/2025 | 30 days after motion or 2/28/2025 |
| Deadline for Plaintiffs to File Reply in Support of Motion for Class Certification | 3/21/2025 | 30 days after opposition or 3/21/2025 |
| Opening Expert Reports | 4/25/2025 | TBD after order on motion to dismiss or 4/25/2025 |
| Rebuttal Expert Reports | 5/23/2025 | TBD after order on motion to dismiss or 5/23/2025 |
| Close of Expert Discovery | 6/20/2025 | TBD after order on motion to dismiss or 6/20/2025 |
| ADR Cutoff | 7/18/2025 | 7/18/2025 |
| Motions for Summary Judgment and *Daubert* Motions | 7/18/2025 | TBD after order on motion for class certification or 7/18/2025 |
| Summary Judgment and *Daubert* Oppositions | 8/15/2025 | 30 days after motions or 8/15/2025 |
| Summary Judgment and *Daubert* Replies | 9/5/2025 | 21 days after motions or 9/5/2025 |

JOINT STATUS REPORT- 15
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Joint Pretrial Statement | 1/16/2026 | TBD after order on motion for class certification |
| Final Pretrial Conference | 1/23/2026 | TBD after order on motion for class certification |
| Joint Glossary (if required) | 2/9/2026 | TBD after order on motion for class certification |
| Trial Commencement | 2/16/2026 | TBD after order on motion for class certification |

DATED this 28th day of November 2023.

SUMMIT LAW GROUP, PLLC

By *s/ Alexander A. Baehr*
    Alexander A. Baehr, WSBA No. 25320
    315 Fifth Avenue S., Suite 1000
    Seattle, WA  98104
    Telephone: (206) 676-7000
    Email: alexb@summitlaw.com

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW PC

    Ekwan E. Rhow *(pro hac vice)*
    Marc E. Masters *(pro hac vice)*
    Barr Benyamin *(pro hac vice)*
    1875 Century Park East, 23rd Floor
    Los Angeles, California 90067
    Telephone: (310) 201-2100
    Email: erhow@birdmarella.com
    mmasters@birdmarella.com
    bbenyamin@birdmarella.com

GLANCY PRONGAY & MURRAY LLP

    Jonathan Rotter *(pro hac vice)*
    Raymond D. Sulentic *(pro hac vice)*
    1925 Century Park East, Suite 2100
    Los Angeles, California 90067
    Telephone:  (310) 201-9150
    Facsimile:  (310) 201-9160
    Email: jrotter@glancylaw.com
    kwolke@glancylaw.com
    prajesh@glancylaw.com

JOINT STATUS REPORT- 16
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

|  |  |
|---|---|
| 1 | CLARKSON LAW FIRM, P.C. |
| 2 | Glenn A. Danas *(pro hac vice)* |
|   | Yana Hart *(pro hac vice)* |
| 3 | Katelyn M. Leeviraphan *(pro hac vice)* |
|   | 22525 Pacific Coast Highway |
| 4 | Malibu, CA 90265 |
|   | Tel: (213) 788-4050 |
| 5 | Fax: (213) 788-4070 |
|   | Email:  gdanas@clarksonlawfirm.com |
| 6 | yhart@clarksonlawfirm.com |
|   | kleeviraphan@clarksonlawfirm.com |

*Attorneys for Plaintiffs and
the Putative Classes and Subclasses*


DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Microsoft Corporation

By *s/ Fred B. Burnside*
    Stephen M. Rummage, WSBA No. 11168
    Fred B. Burnside, WSBA No. 32491
    Jaime Drozd, WSBA No. 35742
    Xiang Li, WSBA No. 52306
    Caleah N. Whitten, WSBA No. 60209
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    206.622.3150
    steverummage@dwt.com
    fredburnside@dwt.com
    jaimedrozd@dwt.com
    xiangli@dwt.com
    caleahwhitten@dwt.com

    James Moon, *pro hac vice*
    865 South Figueroa Street, Suite 2400
    Los Angeles, CA  90017-6800
    213.633.6899
    jamesmoon@dwt.com

JOINT STATUS REPORT- 17
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the USDC, Western District of Washington, using the CM/ECF system which will send notification of such filing to the following:

*Attorneys for Defendant Microsoft Corporation*

Stephen M. Rummage
Fred B. Burnside
Jaime Drozd
Xiang Li
Caleah Whitte
James Moon, *pro hac vice*
DAVIS WRIGHT TREMAINE LLP
Email: steverummage@dwt.com
fredburnside@dwt.com
jaimedrozd@dwt.com
xiangli@dwt.com
caleahwhitten@dwt.com
jamesmoon@dwt.com

DATED THIS 28TH day of November 2023.

*s/ Karen M. Lang*
Karen M. Lang, Legal Assistant
karenl@summitlaw.com

JOINT STATUS REPORT- 18
Cause No. 2:23-cv-01104-BJR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001